UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br><br>              Plaintiff,<br>     v.<br><br>SAMUEL DAVIS, et al.,<br><br>              Defendants. | CASE NO. C23-1673JLR<br><br>ORDER |

## I.   INTRODUCTION

Before the court is Plaintiff State Farm Mutual Automobile Insurance Company's ("State Farm") motion for summary judgment. (Mot. (Dkt. # 38); Reply (Dkt. # 40).) None of Defendants Samuel Davis, Anacortes Yacht Charters, Inc. ("Anacortes Yacht"), Julia Simmonds, or William Simmonds filed a responsive brief. (*See generally* Dkt.) The court has reviewed State Farm's motion, the relevant portions of the record, and the applicable law. Being fully advised, the court GRANTS State Farm's motion.

ORDER - 1

## II. BACKGROUND

On September 5, 2022, Mr. Davis struck a pedestrian, Ms. Julia Simmonds, while driving a 2013 Chevrolet Silverado owned by his employer, Anacortes Yacht. (7/12/24 Kirkpatrick Decl. (Dkt. # 39) ¶ 6.) The accident occurred during Mr. Davis's shift, and "[t]he parties agree that at the time of the accident, Mr. Davis was driving the truck in his employment capacity." (*Id.*)

Mr. Davis's parents are insured under State Farm automobile liability policy number 479 3538-D19-47 (the "Policy"). (*See id.* ¶ 5, Ex. 5 ("Policy").) After Ms. Simmonds and her husband sued Anacortes Yacht and Samuel Davis in Skagit County Superior Court, "State Farm denied that its insurance policy covered Samuel Davis for th[e] accident." (*Id.* ¶ 6.) State Farm filed this action for declaratory relief on November 2, 2023 (*see* Compl. (Dkt. # 1)), and it now "moves for a declaratory judgment that its automobile insurance policy does not cover Samuel Davis for the September 5, 2022 accident where he struck pedestrian Julia Simmonds while driving a Chevy Silverado owned by his employer Anacortes Yacht" (Mot. at 1-2).

## III. ANALYSIS

Below, the court sets forth the relevant legal standard before turning to the merits.

### A. Summary Judgment Legal Standard

A party may obtain a declaratory judgment through a motion for summary judgment. *See* Fed. R. Civ. P. 56(a); *see also* 28 U.S.C. § 2201 (authorizing district courts to "declare the rights and other legal relations of any interested party seeking such declaration"); *State Farm Mut. Auto. Ins. Co. v. Kolb*, 884 F.2d 486, 490 (9th Cir. 1989)

(affirming grant of summary to State Farm in declaratory judgment action).  Federal Rule of Civil Procedure 56, which governs summary judgment motions, "requires a district court to enter judgment on a claim or defense if there is 'no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Dupree v. Younger*, 598 U.S. 729, 731 (2023) (quoting Fed. R. Civ. P. 56(a)).  "Trial courts resolving unopposed summary judgment motions have an obligation to evaluate independently the sufficiency of the moving papers." *Lopez-Gomez v. Sessions*, 693 F. App'x 729, 731 (9th Cir. 2017).  Thus, "[e]ven when a motion for summary judgment is unopposed, . . . the moving party retains its burden to demonstrate the absence of any issue of material fact." *Id.*

**B.      Declaratory Judgment**

State Farm argues that the Policy "excludes vehicles owned by a Resident Relative's employer." (Mot. at 2.)  The court agrees.

"In Washington, insurance policies are construed as contracts." *Weyerhaeuser Co. v. Com. Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000) (quoting *Am. Nat. Fire Ins. Co. v. B & L Trucking & Constr. Co.*, 951 P.2d 250, 256 (Wash. 1998)).  The policy "is construed as a whole" and given a "fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance." *Am. Nat. Fire Ins.*, 951 P.2d at 256 (quoting *Key Tronic Corp. v. Aetna (CIGNA) Fire Underwriters Ins. Co.*, 881 P.2d 201, 206-07 (Wash. 1994)).  Where the "policy language is clear and unambiguous, [the court] must enforce it as written" and "may not modify it or create ambiguity where none exists." *Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737

(Wash. 2005).  Unambiguous provisions in insurance contracts are enforceable unless they are "contrary to public policy [or] statute."  *State Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139, 1142 (Wash. 1984).

Here, the undisputed facts show that, at the time of the accident, Mr. Davis was not driving a vehicle that qualified for coverage.  Anacortes Yacht's Chevrolet Silverado does not meet any of the Policy's five definitions of potentially covered vehicles.

The first definition covers "your car":

> ***Your Car*** means the vehicle shown under YOUR CAR on the Declarations Page.  ***Your Car*** does not include a vehicle that ***you*** no longer own or lease.

(Policy at 11.)  This definition is inapplicable because the car listed on the declarations page is a 2008 Mercury Mountaineer, not a Chevrolet Silverado.  (*See id.* at 2.)

The second definition covers a "newly acquired car":

> ***Newly Acquired Car*** means a ***car*** newly ***owned by you***.

(*Id.* at 10.)  This definition is inapplicable because the Chevrolet Silverado was owned by Anacortes Yacht, not Mr. Davis's parents (the Policy holders).  (*See* 7/12/24 Kirkpatrick Decl. ¶ 6.)

The third definition covers "trailers":

> ***Trailer*** means . . . only those trailers . . . designed to be pulled by a ***private passenger car*** . . . [or] a farm implement or farm wagon while being pulled on public roads by a ***car***.

(Policy at 11.)  This definition is inapplicable because a Chevrolet Silverado is a truck, not a trailer.  (*See* 7/12/24 Kirkpatrick Decl. ¶ 6.)

The fourth definition covers "non-owned" cars:

>   ***Non-Owned Car*** means a ***car*** that is in the lawful possession of ***you*** or any ***resident relative*** and that neither:
>   1. is ***owned by***:
>      - a. ***you***;
>      - b. any ***resident relative***;
>      - c. any other ***person*** who resides primarily in ***your*** household; or
>      - d. an employer of any ***person*** described in a., b., or c. above;

(Policy at 10.)  This definition is inapplicable because, even assuming Mr. Davis was a resident relative, he was driving a car owned by his employer.  (*See* 7/12/24 Kirkpatrick Decl. ¶ 6.)

The fifth definition covers "temporary substitute" cars:

>   ***Temporary Substitute Car*** means a ***car*** that is in the lawful possession of the ***person*** operating it and that:
>   1. replaces ***your car*** for a short time while ***your car*** is out of use due to its:
>      - a. breakdown;
>      - b. repair;
>      - c. servicing;
>      - d. damage; or
>      - e. theft; and
>   2. neither ***you*** nor the ***person*** operating it own or have registered.

(Policy at 11.)  This definition is inapplicable because Mr. Davis was driving the Chevrolet Silverado as part of his job, not as a replacement for the 2008 Mercury Mountaineer while it was out of use.  (*See* 7/12/24 Kirkpatrick Decl. ¶ 6.)

The Policy unambiguously does not cover Mr. Davis for the accident involving Anacortes Yacht's Chevrolet Silverado.  The court concludes that the relevant language is enforceable because it is reasonable, not contrary to public policy, and because the court is unaware of any statute prohibiting such language in insurance contracts.  Thus, the court grants State Farm's motion for summary judgment.

## IV. CONCLUSION

For the foregoing reasons, the court GRANTS State Farm's motion for summary judgment (Dkt. # 38). The court DECLARES that the Policy does not cover Mr. Davis for the September 5, 2022 accident involving pedestrian Julia Simmonds.

Dated this 22nd day of August, 2024.

JAMES L. ROBART
United States District Judge